

FILED

NOV 28 2022

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| MARINO MANUEL BORGES, <br><br> Plaintiff, <br><br> vs. <br><br> U.S. MARSHAL, ROBERTS COUNTY JAIL, <br><br> Defendants. | 1:22-CV-01015-CBK <br><br> MEMORANDUM OPINION AND ORDER |

Plaintiff is a federal pretrial detainee at the Codington County Jail in Watertown, South Dakota. He is facing charges in the United States District Court for the District of North Dakota, 3:22-cr-00031-PDW. In the North Dakota federal criminal case, Chief Judge Peter D. Welte ordered Borges to undergo a competency evaluation. Following the evaluation, the parties stipulated that Borges was incompetent to assist in his defense and he was committed to the custody of the Attorney General on August 16, 2022, for hospitalization to restore his competency. It appears that he was transferred by the U.S. Marshals Service shortly thereafter to the Roberts County Jail in Sisseton, South Dakota, to await designation and transfer to the Bureau of Prisons.

Borges filed the instant complaint pursuant to 42 U.S.C. § 1983. He has filed a motion for leave to proceed *in forma pauperis* without the prepayment of the filing fee. Plaintiff has made the requisite showing under 28 U.S.C. § 1915. Under the Prison Litigation Reform Act, "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Plaintiff must pay the full $350 filing fee notwithstanding whether or not the matter is subsequently dismissed as frivolous after review under 28 U.S.C. § 1915(e)(2).

A prisoner must pay, as an initial partial filing fee, 20% of the greater of the average monthly deposits to the prisoner's account or the average monthly balance of the prisoner's account for the last six months. 28 U.S.C. § 1915(b)(1)(A) and (B). The Court finds that plaintiff is required to make an initial partial filing fee of $14.00.

The Prison Litigation Reform Act requires the Court to screen prisoner complaints and dismiss any complaint that is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). I am required to give the plaintiff's pro se complaint liberal construction and identify any discernable cognizable claim. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015). I have conducted an initial review as required by § 1915A.

Construing plaintiff's complaint liberally, plaintiff's complaint claims defendant U.S. Marshal violated 18 U.S.C.§ 3161(h)(1)(F) which excludes from the computation under the Speedy Trial Act delay attributable to transportation of a defendant to and from places of hospitalization. He contends that the U.S. Marshal violated his rights when he was transported to the Roberts County Jail instead of being housed in the Cass County, North Dakota, jail. He further contends that the U.S. Marshal sent him to prison prior to a plea of guilty and sentencing "with the excuse of mental evaluation."

Plaintiff further contends that defendants violated his right to communicate with his lawyers and the court. Specifically, he alleges that, since he arrived in the Roberts County Jail, he has been unable to communicate with the federal courthouse in Fargo, North Dakota, with the federal public defender office in Sioux Falls, South Dakota, and the United States Marshal in Washington, D.C., and Sioux Falls. He states he has written numerous letters that he surmises have not been mailed because he has received no response. He seeks investigation into corruption of the U.S. Marshal for delay in the JPATS plane transportation system, investigation into the Roberts County Jail for violating inmate rights, and monetary relief. Subsequently to filing the complaint, he sent a letter wherein he claims that Roberts County jail has kidnapped him with the authorization of the U.S. Marshal and that Roberts County Jail has interfered with his

communication with the federal court in Fargo, North Dakota. He seeks $50 million damages from the U.S. Marshal and $5 million damages from Roberts County Jail.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55, 101 L. Ed. 2d 40 (1988). Plaintiff has not alleged any federal constitutional right was implicated by the U.S. Marshal's placement of plaintiff at the Roberts County Jail pending transportation to the B.O.P. for court-ordered hospitalization. Plaintiff contends that the delay in transporting him violates the Speedy Trial Act, 18 U.S.C. § 3161. There is no right to a civil remedy for alleged violations of the Speedy Trial Act. Any violation is redressable only in the context of the federal criminal proceedings pending against plaintiff in the District of North Dakota. Plaintiff has failed to state a claim upon which relief can be granted as to the delay in transporting him to the B.O.P. for hospitalization to restore competency.

Plaintiff's claims regarding his inability to communicate with the federal court in North Dakota, the public defender, or the U.S. Marshals Service arise, if at all, under the First Amendment right to access the courts. "To succeed in an access-to-courts claim, a plaintiff must 'demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded,' Johnson v. Missouri, 142 F.3d 1087, 1089 (8th Cir.1998) (*quoting* Lewis v. Casey, 518 U.S. 343, 353, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)), and that he has suffered an actual injury. Klinger v. Department of Corrections, 107 F.3d 609, 617 (8th Cir.1997)." Moore v. Plaster, 266 F.3d 928, 933 (8th Cir. 2001).

I take judicial notice of the plaintiff's criminal file, United States v. Marino Manuel Borges, District of North Dakota, 3:22-cr-00031-PDW, available in PACER and CMECF. Since plaintiff's placement at the Roberts County Jail in August, 2022, plaintiff has written four letters addressed to the federal court in North Dakota which were filed in his criminal case and therefore made available to the Court. In his letters, he seeks redress for his continued placement at the Roberts County Jail. Plaintiff is represented in

his District of North Dakota criminal case by a federal public defender who would have received copies of his correspondence through CMECF.

Plaintiff has failed to state a claim for violation of his First Amendment right to access the courts. His claim that he has been unable to access the federal court in the District of North Dakota to seek redress in his criminal case for his continued placement at the Roberts County Jail is contrary to the record in that case.

Based upon the foregoing,

IT IS ORDERED:

1. Plaintiff's application, Doc. 2, to proceed without the prepayment of the filing fee is granted.

2. Plaintiff shall pay an initial filing fee in the amount of $14.00 to the Clerk of the U.S. District Court, 225 S. Pierre Street, Pierre, SD, 57501.

3. Whenever the amount in plaintiff's trust account exceeds $10.00, the institution having custody of the plaintiff is hereby directed to forward monthly payments that equal 20% of the funds credited the preceding month to the plaintiff's trust account to the U.S. District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid in full.

4. The Clerk of Court shall send a copy of this order to the appropriate official at plaintiff's institution.

5. This matter is dismissed with prejudice and without costs pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal constitutes a first strike pursuant to 28 U.S.C. § 1915(g).

DATED this 24th day of November, 2022.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge